UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                :

WILLY R. LOPEZ GONZALES,               :

                    Plaintiff,        :

            -v-                :            25 Civ. 10459 (JPC)

TYSON FOODS INC., *et al.*,            :           OPINION AND ORDER

                 Defendants.      :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Defendants Tyson Foods Inc. and Pedro G. Valenzuela Castillo (together, the "Tyson Defendants") have moved for a protective order delaying production of video footage of the accident at issue in this case until after Plaintiff Willy R. Lopez Gonzales and Defendant Eddy R. Peralta Contreras are deposed. Dkt. 14 ("Motion"). Lopez Gonzales and Contreras oppose the motion. Dkts. 16 ("Lopez Gonzales Opposition"), 17 ("Contreras Opposition"). For the reasons that follow, the Tyson Defendants' motion is granted.

## I. Legal Standard

A "motion to delay production of video footage implicates Rules 26(c) and 26(d)(3) of the Federal Rules of Civil Procedure." *Walls v. Diesel Auto Exp.*, No. 23 Civ. 1037 (LDH) (MMH), 2023 WL 3895790, at *2 (E.D.N.Y. June 8, 2023). Under Rule 26(d)(3), "discovery by one party does not require any other party to delay its discovery" "[u]nless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice." Fed. R. Civ. P. 26(d)(3). And under Rule 26(c), a court may issue a protective order "specifying terms, including time . . . for the disclosure or discovery" upon a showing of "good cause." Fed. R. Civ. P. 26(c)(1)(B). "The party seeking a protective order under Rule 26(c) bears the burden of showing

good cause for its issuance and may not rely on conclusory assertions." *McCovey v. TJX Cos.*, No. 22 Civ. 2570 (KAM) (RLM), 2022 WL 18858976, at *1 (E.D.N.Y. July 13, 2022). "Trial courts enjoy wide discretion in handling pretrial discovery under both provisions: broad discretion under Rule 26(c) to decide whether and to what extent a protective order is warranted, and similarly broad discretion under Rule 23(d)(3) to control the timing and sequence of discovery." *Id.*

## II. Discussion

Lopez Gonzales alleges that he was the passenger of a vehicle driven by Contreras that collided with a vehicle owned and operated by the Tyson Defendants on June 24, 2025. Dkt. 1, Exh. A ¶ 32. The Tyson Defendants assert that "[t]he Tyson dash camera footage . . . contradicts statements made by" Lopez Gonzales and Contreras in a motor vehicle report and medical-treatment records "as to the facts leading up to and during the time of the alleged accident." Motion at 2; *see* Motion, Exhs. A (MV-104 Report), B (Medical Records). Specifically, their statements purportedly "contradict the video footage as to the position and location of the vehicles at the time of the accident, as well as the visibility of the seventy-three (73) foot tractor trailer [*i.e.*, the vehicle driven by Castillo] by [Contreras] given its movements leading up to and at the time of the alleged accident as shown in the Tyson dash cam." Motion at 2-3. The Tyson Defendants claim that given these discrepancies, if they "were to disclose the dash cam video footage prior to" Lopez Gonzales's and Contreras's depositions, "there is a strong likelihood [those parties] would tailor their version of the alleged accident to the sequence of events depicted in the video," such that "there is good cause to delay the production of the video until after" the depositions. *Id.* at 3. The Court agrees.

"[C]ourts within this circuit have delayed the production of audio or video tapes prior to one or more depositions in order to prevent the [party] or its witnesses from tailoring their testimony to conform with their prior recorded statements or actions." *Miller v. Levi & Korinsky,*

*LLP*, No. 20 Civ. 1390 (LAP), 2022 WL 566827, at *1 (S.D.N.Y. Jan. 26, 2022) (internal quotation marks omitted). To be sure, such motions "have met with mixed results"—which is unsurprising "[g]iven the fact-based nature of the inquiry under Rule 26, coupled with the wide discretion bestowed on trial courts." *McCovey*, 2022 WL 18858976, at *2 (internal quotation marks omitted). But under this case's circumstances, the Court finds the Honorable Joseph F. Bianco's analysis in *Lang v. Wall-Mart Stores, Inc.* persuasive. No. 15 Civ. 2528 (JFB), 2015 U.S. Dist. LEXIS 182916 (E.D.N.Y. July 16, 2015).

In *Lang*, Judge Bianco explained that the defendant had "shown good cause for sequencing discovery in order to preserve the integrity of the plaintiff's testimony." *Id.* at *7. The defendant had "assert[ed] that the account of events in plaintiff's complaint [wa]s already at odds with the video footage of the incident." *Id.* While the court had not reviewed the video, and "expresse[d] no view as to its impeachment value," it was "confident that the defendant, as an officer of the Court, ha[d] made this assertion in good faith." *Id.* The court was thus "mindful of the defendant's very real concern that plaintiff's testimony may be affected if she view[ed] the footage before her testimony," meaning that the "possible prejudice to the defendant" of immediate production was "quite real." *Id.* at *6-7. That real prejudice to the defendant, meanwhile, outweighed any potential prejudice to the plaintiff. For one, there would "be no real prejudice to the plaintiff in receiving these materials immediately after plaintiff's deposition, which w[ould] take place well before the close of discovery." *Id.* at *5. For another, because the video was "a recording of an incident where plaintiff was present," it made "no difference" whether it was "substantive evidence or purely impeachment evidence": there was "nothing on the video that plaintiff herself d[id] not already know firsthand, and thus there c[ould] be no meaningful prejudice to plaintiff in receiving the video slightly later in the discovery period." *Id.* at *6. So "the decision to sequence the discovery in this manner made good sense." *Id.* at *5.

Just so here.  The Tyson Defendants have represented in specific, non-conclusory ways that the dash cam video footage contradicts Lopez Gonzales's and Contreras's statements about the accident, raising a real risk of prejudice from producing the footage before those two parties' depositions.  Motion at 1-3.  While Lopez Gonzales and Contreras urge this Court to avoid *in camera* review of the video, Lopez Gonzales Opposition at 3; Contreras Opposition at 3, this Court need not review the footage, because the Court trusts the Tyson Defendants' representations as officers of the Court, *Lang*, 2015 U.S. Dist. LEXIS 182916, at *7.  And there is no risk of "ambush" to Lopez Gonzales and Contreras.  *Contra* Lopez Gonzales Opposition at 2; Contreras Opposition at 2-3.  They will receive the dash cam footage immediately after their depositions, "well before the close of discovery" and "before the deposition" of any other witness.  *Lang*, 2015 U.S. Dist. LEXIS 182916, at *5-6.  Besides, because they were "present" at the accident, there will be "nothing on the video" that they do "not already know firsthand, and thus there can be no meaningful prejudice" in their "receiving the video slightly later in the discovery period."  *Id.* at *6.  And for this reason, Lopez Gonzales's and Contreras's focus on the distinction between substantive and impeachment evidence, Lopez Gonzales Opposition at 3; Contreras Opposition at 2-3, "makes no difference, for the present analysis," *Lang*, 2015 U.S. Dist. LEXIS 182916, at *6.  So like in *Lang*, this Court concludes that sequencing Lopez Gonzales's and Contreras's depositions before the Tyson Defendants produce the dash cam video footage "makes good sense" and satisfies the good cause standard.  *Id.* at *5, *7.

The parties shall promptly confer in good faith to agree upon a date for Lopez Gonzales's and Contreras's depositions, with the video footage to be produced within five business days after the last of those two depositions.  "In this way, [they] will have sufficient time after [they] receive[] the video to review it and seek any appropriate follow-up discovery."  *McCovey*, 2022 WL 18858976, at *2 (internal quotation marks omitted).

4

### III. Conclusion

For the above reasons, the Tyson Defendants' motion is granted.  The Clerk of Court is respectfully directed to close Docket Number 14.

SO ORDERED.

Dated: February 25, 2026
   New York, New York

            JOHN P. CRONAN
          United States District Judge